**Theresa KUCHARCZYK**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

**Civ. No. K–91–1907.**

United States District Court,
D. Maryland.

Aug. 4, 1992.

Victoria R. Robinson and the Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Richard D. Bennett, U.S. Atty., and Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) This Court has held a number of on-the-record hearings in this case and has received from counsel for the claimant and the Secretary numerous submissions. In that context, it becomes clear that the vocational expert testified before the Administrative Law Judge (ALJ) that (1) the claimant could perform the duties of the job of a cashier, which job was classified at the time of such testimony as sedentary work,[1] and that there were a substantial number of cashier jobs available to the claimant in the economy, but that (2) the claimant could not perform the work of a garment sorter, which was also classified as light work, because of medical limitations concerning standing and walking. The ALJ, on that basis, determined that the claimant could perform sufficient work within the light work category and concluded that the claimant was not disabled.

(2) The difficulty with that approach by the ALJ was that the work of a cashier was, as stated *supra,* classified, at the time of the hearing before the ALJ, as sedentary rather than light. If the vocational expert's testimony had been that the claimant could have performed a substantial number of occupations within the light work category available to the claimant in sufficient numbers and had specifically identified such job or jobs, then the ALJ would have had an appropriate basis upon which to find the claimant not disabled.

(3) 20 C.F.R, Part 404, Page 407, Table No. 1, Rule 201.12, provided, at the time of the hearing before the ALJ, that a person, such as the claimant, who is 51 years of age, who has only a high school education,

---

1. See the July 15, 1992 letter to this Court from counsel for the Secretary. That letter, and the exhibits attached thereto, have been placed in the official Court File in this case.

who does not have available direct entry into skilled work, who has no work experience, and who is limited to sedentary work, was disabled. Therefore, the fact that the claimant had the physical capacity to perform sedentary work was immaterial. *De-Francesco v. Bowen*, 867 F.2d 1040, 1045 (7th Cir.1989). Counsel for the Secretary, during an on-the-record hearing held by this Court on July 9, 1992, conceded the same. In other words, in this case, the fact that the claimant could perform the work of a cashier, i.e., sedentary work, did not provide an appropriate basis upon which the ALJ could determine that the claimant was not disabled. On the other hand, if, for example, the testimony of the vocational expert had been that the claimant was able to perform the work of a toll collector, a job falling within the light range of work rather than within the sedentary range of work, and had testified that toll collector positions were available to claimant within the economy in sufficient numbers, then the ALJ would have had an appropriate basis upon which to ground the conclusion that the Secretary had borne the burden of proving by a preponderance of the evidence—a burden which counsel for the Secretary agreed during the aforementioned July 9, 1992 proceeding was upon the Secretary—that the claimant was not disabled.

(4) Under the circumstances, counsel for the claimant and the Secretary each stated, on the record on July 9, 1992, that they had no objection to this Court remanding this case to the Secretary for further administrative proceedings in accordance with this Memorandum and Order.

(5) For the reasons stated *supra*, this Court concludes that such a remand is appropriate and hereby so remands this case.[2]

(6) Copies of this Memorandum and Order are being mailed to counsel of record.

(7) It is so ORDERED.

---

**2.** In order to avoid issues of retroactivity, it is suggested that if, on remand, the ALJ determines that the claimant can perform a specific job or jobs in the light range of work, the ALJ should so indicate only a job or jobs which fall within the light range of work, both prior to *and* also after the revised Dictionary of Occupational Titles (D.O.T.) became effective.